EDWARD H. KUBO JR., Esq.(2499)
United States Attorney
District of Hawaii
R. MICHAEL BURKE (1902)
Asst. United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Mike.Burke@usdoj.gov

JEREMY N. HENDON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington DC 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
E-mail: Jeremy.Hendon@usdoj.gov
        Western.TaxCivil@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CV07-00067 HG BMK |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE UNITED STATES' PETITION TO |
| v. | ) ENFORCE IRS SUMMONS BE GRANTED |
| | ) |
| MORGAN LIDDELL, | ) |
| | ) |
| Respondent. | ) |
| | ) |

On February 11, 2007, Chief United States District Judge Helen Gillmor issued an Order to Show Cause ordering Respondent Morgan Liddell ("Respondent") to appear to show cause why he should not be compelled to obey the Internal Revenue Service ("IRS") summons served upon him.  On March 21, 2007, Respondent

filed his Opposition to Order to Show Cause. On April 3, 2007, the United States filed its Reply to Respondent's Opposition to Order to Show Cause ("United States' Reply"). On April 6, 2007, Respondent filed his Response to United States' Reply to Respondent's Opposition to Order to Show Cause.

The matter came on for hearing on April 10, 2007. Department of Justice Attorney Jeremy N. Hendon and IRS Revenue Agent Gareth Alford ("Agent Alford") appeared for the Petitioner; Attorneys Martin A. Schainbaum and Steven DeRosa appeared for Respondent by telephone; and Respondent appeared in person.

After careful consideration of the written submissions and arguments of counsel, this court FINDS and RECOMMENDS that the United States' Petition to Enforce IRS Summonses be GRANTED, that Respondent produce all remaining outstanding documents responsive to the summons that are in his possession, custody, or control including, but not limited to, the documents detailed in the United States' Reply, and that Respondent shall answer all unanswered questions posed during his interview before Agent Alford on March 29, 2007, as well as all questions that may arise based on his production of the documents which he had not previously produced.

## BACKGROUND

On August 30, 2006, Agent Alford issued an IRS administrative summons to Respondent. In pertinent part, the

summons directed Respondent to appear on October 3, 2006, to give testimony and to produce for examination certain documents and other items described in the summons. Agent Alford is conducting an examination to determine the correct federal income tax liability of Michael F. Schwinn and Vien N. Schwinn ("taxpayers") for the tax years ending December 31, 2003 and December 31, 2004. Respondent was summoned as a third party.

On September 20, 2006, Respondent produced documents to Agent Alford along with a letter explaining that those documents represented his response to the documents requested by the summons. On September 29, 2006, Respondent for the first time requested that his appearance date required under the summons be extended for over three weeks due to his work commitments. Agent Alford denied Respondent's request. Respondent did not appear for his interview before Agent Alford on October 3, 2006. Thereafter, Petitioner filed the instant Petition to Enforce IRS Summons ("Petition") and Respondent filed his opposition.

After the Petition and opposition were filed, Respondent and the United States agreed to hold the interview on March 29, 2007. Respondent appeared before Agent Alford and answered certain questions and refused to answer certain questions based on relevance objections and the assertion of the Fifth Amendment right against self-incrimination. During the March 29, 2007, Respondent also admitted that he has other responsive documents

in his possession but refused to produce them based on his interpretation that the summons did not cover such documents. Thereafter, the United States filed the United States' Reply and Respondent filed his response to the United States' Reply.

## DISCUSSION

To enforce its summons, the United States need only establish a prima facie case validating the summons at issue under the standard set forth in United States v. Powell, 379 U.S. 48 (1964). Pursuant to Powell, the United States must show: (1) that the summons was issued for a legitimate purpose; (2) that the requested data may be relevant to that purpose; (3) that the data is not already within the Government's possession; and (4) that the administrative steps required by the Code have been followed. See id. at 57-58. The United States need only make a minimal showing with regard to these elements, and such a showing is generally made by the declaration/affidavit of the agent seeking the enforcement of the summons. See Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995); United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982); see also United States v. Blackman, 72 F.3d 1418-22 (9th Cir. 1995).

Once the government has made a prima facie case, the burden of proof falls upon the person objecting to the summons to "'challenge the summons on any appropriate ground.'" Powell, 379 U.S. at 58 (quoting Reisman v. Caplin, 375 U.S. 440, 449 (1964)).

The objecting party must allege specific facts and evidence to support allegations of bad faith or improper purpose.  See Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999). Moreover, where the government must meet only a minimal threshold to demonstrate relevance and purpose, the burden on the objecting party to prove government wrongdoing is significantly greater. See United States v. Stuckey, 646 F.2d 1369 (9th Cir. 1981).

In the instant case, the United States has established that the summons in question complies with the four elements of the Powell standard.  The Declaration of Agent Alford establishes that the summons was issued for a legitimate purpose, that is, in an effort to determine the taxpayers' correct federal income tax liabilities for the years at issue.  Moreover, the court is satisfied that the information sought through the summons is relevant to the inquiry into the taxpayers' correct tax liability for those years and that the information sought is not within the possession of the IRS.  Finally, the court finds that all administrative requirements have been met.

Accordingly, the United States has established its prima facie case and the burden now falls upon Respondent to raise appropriate and supported challenges to the summonses.  See Powell, 379 U.S. at 58; see also Crystal, 172 F.3d at 1144 (stating that specific facts and evidence must be alleged to support claims of bad faith or improper purpose).

In summary, Respondent objects to the summons on the grounds that it was issued in bad faith and that Respondent believes that he is the subject of a criminal investigation. Respondents' arguments are not persuasive.

Specifically, Respondent alleges that Agent Alford issued the summons in bad faith because he issued it, with knowledge that Respondent is an accountant and tax return preparer, with a response date during a busy time of year for Respondent such that Respondent could not appear and then to subsequently deny Respondent's request for an extension of the response date. Respondents also allege that the summons was improperly issued because he contends that he is the subject of a criminal investigation.

Respondent has failed to disprove the United States' prima facie case. Respondent has not established that Agent Alford issued the summons in bad faith. Nevertheless, even if Respondent's allegations were true, Respondent's assertions regarding the issuance of the summons with a response date to which Respondent could not meet does not reach the high standard necessary for a finding of bad faith such to not enforce an IRS summons. Respondent also failed to establish that he is the subject of a criminal investigation. Regardless of that failure,

under the Internal Revenue Code, the IRS cannot issue a summons, or enforce a summons, with respect to a person if a Justice Department referral is in effect with respect to such person. See 26 U.S.C. § 7602(d). A "Justice Department referral" occurs with respect to a person if "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws" or if there is any request made under 26 U.S.C. § 6103(h)(3)(B) relating to such person. See 26 U.S.C. § 7602(d)(2)(A).

Further, Agent Alford has declared, under oath, that there is no criminal referral pursuant to 26 U.S.C. § 7602(d) in effect with respect to Respondent for the periods covered by the summons. See Second Declaration of IRS Revenue Agent Gareth Alford, ¶ 4. The IRS only loses its § 7602 summoning power when it recommends criminal prosecution to the Department of Justice, which it has not done in this case. See 26 U.S.C. § 7602(d); Weiss v. Comm'r of Internal Revenue, 919 F.2d 115 (9th Cir. 1990). Considering the heavy burden Respondent bears to show bad faith or improper purpose, based on the record presented, Respondent's arguments must fail in this case and the IRS summons should be enforced.

Respondent also argues that regardless as to whether the IRS summons should be enforced, he has fully complied with the

summons.  Respondent's argument is not persuasive.  The summons requires both testimony and the production of certain documents detailed in the attachment to the summons.

With respect to the required testimony, during the March 29, 2007 interview before Agent Alford, Respondent's counsel objected to certain questions based on relevancy grounds and Respondent invoked his Fifth Amendment rights with respect to certain questions.  Respondent did not provide answers to these questions.  See Transcript of March 29, 2007 Examination Under Oath of Morgan Liddell ("Transcript"), a copy of which was attached as Exhibit 1 to the Declaration of Jeremy N. Hendon filed with the United States' Reply.  The relevancy objections are overruled.  Pursuant to 26 U.S.C. § 7602, the IRS has "broad and expansive" authority to summon documents and testimony provided that the documents or testimony "may be relevant or material" to the IRS' inquiry.  See United States v. Judicial Watch, Inc., 371 F.3d 824, 831–832 (D.C. Cir. 2004)(citing United States v. Bichara, 826 F.2d 1037, 1039 (11th Cir. 1987)).  The use of the words "may be" in the statute "reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (emphasis in original).  A plain reading of the questions posed during the interview reveals that each question posed has a connection to

the taxpayers' correct tax liabilities for the years at issue because the answers likely could lead to establishing that Respondent has other documents in his possession, custody, or control that he has not identified and has not produced pursuant to the summons and that relate to some aspect of the taxpayers' correct tax liabilities for the years at issue.  Further, the questions might also lead the IRS to other possible sources of information and/or documentation regarding the taxpayers' correct tax liabilities for the years at issue.  Accordingly, the questions posed during the interview meet the relevancy test. Respondent should be required to answer all questions posed during the interview and were not answered based on a relevancy objection as reflected in the Transcript.

In addition, Respondent's assertions of his Fifth Amendment rights in response to questions posed during the interview also are overruled.  At the April 10, 2007 hearing, counsel for the United States clarified that at this time, there has been no criminal referral from the IRS to the Department of Justice pursuant to 26 U.S.C. § 7602(d) and there is no criminal investigation regarding Respondent for the periods ending December 31, 2003 and December 31, 2004.  Accordingly, Respondent's assertions of the Fifth Amendment are not proper. Respondent should be required to answer all questions posed

during the interview and were not answered based on his assertions of the Fifth Amendment as reflected in the Transcript.

In addition, Respondent should be required to answer any additional questions posed at a further interview before the IRS that were not posed at the March 29, 2007 interview due to Respondent's refusal to produce all responsive documents that are in his possession, custody, or control as described below.  These questions shall meet the relevancy test described above.

Finally, the Court is not persuaded by Respondent's arguments pertaining to the production of certain documents detailed in the attachment to the summons.  The three categories of documents which the United States identified in the United States' Reply at pages 12-13 are clearly covered by the summons and its attachment.  Respondent admitted during the interview that he already has these documents in his possession, could easily obtain these documents within a short period of time, or he has not searched for these documents.  Accordingly, Respondent should be required to produce all the documents in his possession, custody, or control that are requested by the summons and its attachment, paying specific attention to producing the three categories of documents identified in the United States' Reply at pages 12-13.

CONCLUSION

Based on the foregoing, this Court FINDS AND RECOMMENDS that the United States' Petition to Enforce IRS Summonses be GRANTED and that the IRS summons issued to Respondent be enforced in full.  In addition, this Court further FINDS AND RECOMMENDS that Respondent shall produce all remaining outstanding documents responsive to the summons that are in his possession, custody, or control including, but not limited to, the documents detailed in the United States' Reply and that Respondent shall answer all unanswered questions posed during his interview before Agent Alford on March 29, 2007, as well as all questions that may arise based on his production of the documents which he had not previously produced.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 20, 2007

USA V. MORGAN LIDDELL; CV. NO. 07-00067 HG-BMK; FINDINGS AND RECOMMENDATION THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED.